1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**SOUTHERN DISTRICT OF CALIFORNIA**

11
12
13

ACCUSER: MICHAEL MCGRATH, and Other People of the State of California,

Plaintiffs,

14

vs.

15
16
17
18
19

HOME DEPOT USA, INC.; JIM HOPPER; ARMANDO PERALTA; BRIAN KORHUMMEL; and DOES 5 through 99, Inclusive,

Defendants.

20

CASE NO. 14cv0071-GPC-JMA

**ORDER:**

**1) DENYING MOTION TO REMAND**

[Dkt. No. 20.]

**2) GRANTING MOTION TO DISMISS**

[Dkt. No. 18.]

**3) REMANDING THIS ACTION TO SAN DIEGO COUNTY SUPERIOR COURT**

21
22
23
24
25
26
27
28

        Presently before the Court is Plaintiff Michael McGrath's ("Plaintiff") Second Amended Complaint ("SAC"). (Dkt. No. 16.) Defendants Home Depot USA, Inc., Jim Hopper, Armando Peralta, and Brian Korhummel (collectively, "Defendants") have filed a motion to dismiss the SAC in its entirety for lack of subject matter pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and for failure to state a claim pursuant to FRCP 12(b)(6). (Dkt. No. 18.) In response, Plaintiff has filed a motion to remand this action to state court. (Dkt. No. 20.) The parties have fully briefed both motions. (See Dkt. Nos. 27, 28, 30, 32.) The Court finds the matters suitable for

1   resolution without oral argument pursuant to Local Civil Rule 7.1(d)(1). Based on the

2   briefing and applicable law, the Court **DENIES** Plaintiff's motion to remand, (Dkt. No.

3   20), and **GRANTS** Defendants' motion to dismiss Plaintiff's SAC. (Dkt. No. 18.)

4                                    **FACTUAL BACKGROUND**

5         This action arises from Plaintiff's experiences as a customer of Defendant

6   Home Depot USA, Inc.'s stores from 1994 until at least July, 2013. (Dkt. No. 16,

7   "SAC" ¶ 164, 177.) Plaintiff alleges that he is currently employed as a project

8   manager for a general contractor and that Plaintiff was directed to shop at Home

9   Depot stores to purchase goods necessary for residential and commercial

10  construction projects. (Id. ¶¶ 164, 168, 171.) Plaintiff alleges conducting "hundreds

11  of transactions" with Home Depot Stores, purchasing materials from "almost all of

12  the Home Depot facilities in the County of San Diego." (Id. ¶ 164.)

13        Plaintiff alleges observing "serious safety hazards" at many Home Depot

14  retail facilities that "potentially could affect plaintiff, store employees, and

15  customers of the stores." (Id. ¶ 165.) These safety hazards include: obstruction of

16  the means of egress; obstruction of fire lane access and fire department connections

17  and control valves; failure to provide proper fire watch when automatic sprinkler

18  systems were out of service; failing to provide backflow prevention to potable water

19  systems; failure to provide minimum clearance from electrical service panel

20  transformers; unlawful dumping of automatic sprinkler system water into public

21  storm drains; and failure to provide best management practices during construction

22  activity. (Id. ¶ 241.) Plaintiff alleges he "has multiple medical comorbidities of both

23  physical and psychological disorders," including Parkinsonism, bipolar disorder,

24  anxiety, obsessive-compulsive disorder ("OCD"), and post-traumatic stress disorder

25  ("PTSD"), which in conjunction with Defendants' behavior causes Plaintiff

26  "anxiety, stress, helplessness, panic attacks and inability to accept the conditions."

27  (Id. at 296.)

28        Plaintiff alleges Defendant Home Depot USA, Inc. has ignored repeated

requests for reasonable accommodation "to the means of egress and to the right to obtain safety for himself and others." (Id. ¶ 167.) Plaintiff claims to have voiced his concerns to many Home Depot store associates, employees, managers, asset protection associates, assistant managers, general managers, directors on the Board of Directors, as well as to specific Home Depot-affiliated individuals such as Chief Executive Officer Frank Blake, the Western Regional Manager, and the senior legal counsel. (Id. ¶ 165.) In particular, Plaintiff alleges speaking with Defendant Jim Hopper, Assistant Manager of the Fairmont Avenue Home Depot in San Diego, in July 2011. (Id. ¶¶ 177-78, 303.) Plaintiff claims that he requested store and product placement  modifications to comply with fire code regulations, most of which were denied. (Id. ¶ 303-04.) Plaintiff alleges Home Depot's lack of safety and Plaintiff's interaction with Defendant Hopper "aggravated and contributed to the plaintiff's anxiety and PTSD." (Id. ¶ 177.)

In addition, Plaintiff alleges filing complaints regarding his safety concerns to the Department of Industrial Labor Division of Occupational Safety and Health ("OSHA") in October, 2012. (Id. ¶ 322.) In response to these complaints, "Defendant and their agents" sent OSHA a two page response. (Id. ¶ 324.) This response, sent via email, carbon copied various Home Depot employees, including Defendants Armando Peralta, a Home Depot Store Manager, and Brian Korhummel, a Home Depot Assistant Store Manager. (Id. ¶ 324.) Plaintiff alleges this response contained untrue statements. (Id.)

## PROCEDURAL BACKGROUND

On December 4, 2013, Plaintiff filed an initial complaint on behalf of the "people of the State of California" against Home Depot USA, Inc. before the San Diego County Superior Court. (Dkt. No. 1-1.) On January 10, 2014, Defendant Home Depot USA, Inc. ("Home Depot") removed this action to federal court pursuant to 28 U.S.C. § 1332 as well as the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2), (d)(5). (Dkt. No. 1.) On January 16, 2014, Defendant Home Depot filed

a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. No. 3.)
On January 21, 2014, Plaintiff filed an amended complaint, adding three individual
Defendants: Jim Harper; Armando Peralta; and Brian Korhummel. (Dkt. No. 8.) The
Court therefore dismissed Defendant Home Depot's Motion to Dismiss the
Complaint, without prejudice, as moot. (Dkt. No. 10.) On January 28, 2014, Plaintiff
filed a motion to file a Second Amended Complaint, seeking: (1) to correct the
spelling of Defendant "Jim Harper" to "Jim Hopper"; (2) to conform the font size to
the requirements of the local rules; and (3) a revised summons reflecting the correct
spelling of Defendant Jim Hopper's name. (Dkt. No. 11.) The Court granted
Plaintiff's motion to file a Second Amended Complaint ("SAC") for these three
purposes only. (Dkt. No. 12.) On January 31, 2014, Plaintiff filed an SAC, the
current operative complaint. (Dkt. No. 16.)

On February 3, 2014, Defendants Home Depot, Jim Hopper, Armando
Peralta, and Brian Korhummel jointly filed a motion to dismiss Plaintiff's SAC.
(Dkt. No. 18.) On February 6, 2014, Plaintiff filed a motion to remand the above-
captioned matter to state court due to a lack of complete diversity and the "local
controversy" exception to the CAFA. (Dkt. No. 20.) On March 3, 2014, Plaintiff
filed a notice to the Court of his Constitutional challenge to state statutes pursuant
to Federal Rules of Civil Procedure 5.1 and 28 U.S.C. § 2403. (Dkt. No. 29.) On
April 4, 2014, this Court certified his Constitutional challenge to the California
Attorney General. (Dkt. No. 33.) To this date, the Attorney General has not sought
to intervene.

## DISCUSSION

As set forth above, Defendant Home Depot USA, Inc. removed this action
pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, as well as the Class
Action Fairness Act, 28 U.S.C. §§ 1332(d)(2), (d)(5). (Dkt. No. 1.) Plaintiff seeks
remand based on: (1) lack of complete diversity between Plaintiff and the individual
Defendants newly added to the Amended and Second Amended Complaints; and (2)

due to the "local controversy" exception to diversity jurisdiction under the CAFA. (Dkt. No. 20 at 2.) In addition, Defendants have moved to dismiss Plaintiff's SAC, arguing that Plaintiff lacks standing to pursue his claims either in a representative capacity or under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* (Dkt. No. 18.) The Court first addresses whether it has "original jurisdiction" over this action pursuant to section 1332, then addresses the questions Defendants raise over Plaintiff's standing to raise his UCL claims in federal court. See Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1008 (9th Cir. 2011) (Kozinski, J., concurring) ("Where the district court has 'original jurisidiction' pursuant to section 1332, the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded, need we address questions of standing and other aspects of 'subject matter jurisdiction.'") (citing 28 U.S.C. §§ 1441(a), 1447(c)).

**1.     Motion to Remand**

     **A.     Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court a claim filed in state court that could have initially been brought in federal court. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). As federal courts have limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981). The removal statute is therefore strictly construed, and any doubt about the right of removal requires resolution in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

1

**B.    Diversity Jurisdiction Under 28 U.S.C. § 1332**

2      The Court first addresses whether it has jurisdiction over this matter under the

3   diversity jurisdiction statute, 28 U.S.C. § 1332. A district court has diversity

4   jurisdiction over any civil action where complete diversity exists between the

5   parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

6   "Subject matter jurisdiction based upon diversity of citizenship requires that no

7   defendant have the same citizenship as any plaintiff." Tosco Corp. v. Communities

8   for a Better Env., 236 F.3d 495, 499 (9th Cir. 2001). The burden of establishing that

9   diversity jurisdiction exists, and that an action is removable, rests at all times with

10  the proponent of removal. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th

11  Cir. 2006) (per curiam).

12     Plaintiff first argues that this Court lacks diversity jurisdiction over this

13  matter because Plaintiff and "primary defendants" reside in the State of California.

14  (Dkt. No. 20-1 at 6.) Plaintiff claims he properly amended his original Complaint

15  post-removal, as of right pursuant to Federal Rules of Civil Procedure ("FRCP")

16  15(a), to add individual Defendants Jim Hopper, Armando Peralta, and Brian

17  Korhummel in place of "Doe" Defendants as named in the original Complaint. (Dkt.

18  No. 20-1 at 8.) Accordingly, Plaintiff argues complete diversity of citizenship no

19  longer exists between Plaintiff and the named Defendants, divesting this Court of

20  diversity jurisdiction over this action under 28 U.S.C. § 1332. (Id. at 8-9.)

21     Defendants oppose remand, arguing that Plaintiff improperly added

22  individual Defendants Jim Hopper, Armando Peralta, and Brian Korhummel post-

23  removal as "sham defendants" for the sole purpose of destroying complete diversity

24  between the parties. (Dkt. No. 27 at 7.) Defendants assert that Plaintiff may not use

25  a Rule 15(a) amendment to add a diversity-destroying defendant. (Dkt. No. 27 at 7-

26  8) (citing Raifman v. Wachovia Securities, LLC, No. C 11-02885 SBA, 2012 WL

27  1611030 at *4 (N.D. Cal. May 8, 2012); Greer v. Lockheed Martin, No. CV 10-

28  1704 JF (HRL), 2010 WL 3168408 at *4 (N.D. Cal. Aug. 10, 2010); Hardin v. Wal-

1   Mart Stores, Inc., 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011)). Accordingly,

2   Defendants argue the Court should either ignore the citizenship of the fraudulently

3   joined Defendants for the purposes of diversity jurisdiction or deny the joinder of

4   the individual Defendants pursuant to 28 U.S.C. section 1447(e). (Id. at 8-13.)

5          There is a split in authorities, unresolved by the Ninth Circuit, on what

6   standard governs the Court's decision whether to permit joinder of the individual

7   Defendants in this matter. See Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654,

8   657 (S.D. Cal. 2000) (Rhoades, J.) (recognizing but not resolving split of

9   authorities); Lopez v. PLS Fin. Servs., No. CV11-03730 DPP (JEMx), 2011 WL

10  3205355 at *1 (C.D. Cal. July 26, 2011) (Pregerson, J.) (same); Clinco v. Roberts,

11  41 F. Supp. 2d 1080, 1086-87 (C.D. Cal. 1999) (recognizing split of authorities).

12  Under FRCP 15(a), a party may amend its pleading once "as a matter of course"

13  within 21 days after serving the pleading; after the service of a responsive pleading;

14  or after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1).[1]

15  Following this liberal amendment policy, some courts have found that "leave of

16  court is not required for an amendment adding a party [under Rule 15(a)]."

17  Matthews Metals Prods., Inc. v. RBM Precision Metal Prods. Inc., 186 F.R.D. 581,

18  583 (1999) (allowing amendment of plaintiff's complaint under Rule 15, finding

19  newly-named defendants properly joined under Rule 20(a), and remanding the case

20  to state court); see also U.S. ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015,

21  1018 (10th Cir. 1994) (plaintiffs could amend once as of right to add new

22  plaintiffs); Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980, 985 (N.D. Cal.

23  2011) (recognizing an amended complaint that "merely added certain claims and

24  parties and deleted certain claims, as [p]laintiffs were permitted to do under Rule

25  15(a)); In re CBT Grp. PLC Sec. Litig., C-98-21014-RMW, 2000 WL 33339615 at

26  _____

27  [1]Although FRCP 15(a) previously stated that a "party may amend the party's
    pleading once as a matter of course at any time before a responsive pleading is served,"
    the 2009 amendment to Rule 15 clarified that "the right to amend once as a matter of
28  course is no longer terminated by service of a responsive pleading." Fed. R. Civ. P. 15
    Advisory Committee's Notes to 2009 Amendments.

*5 n.6 (N.D. Cal. Dec. 29, 2000) ("[A]s this court has previously held, joinder of a party when amending the pleadings should be analyzed under the liberal amendment policy of Rule 15."); City Bank v. Glenn Const. Corp., 68 F.R.D. 511, 513 (D. Haw. 1975) (plaintiff had right to amend complaint to drop non-diverse party so as to secure diversity jurisdiction).

However, many courts have found otherwise, holding that once a case has been removed to federal court, the court must scrutinize a diversity-destroying amendment to ensure that it is proper under 28 U.S.C. section 1447(e). See Clinco, 41 F. Supp. 2d at 1088 ("[A] diversity-destroying amendment must be considered under the standard set by § 1447(e) even if it is attempted before a responsive pleading is served.); see also; Raifman, 2012 WL 1611030 at *4 (allowing amendment of complaint under 15(a) but denying joinder of a non-diverse defendant under 1447(e)); Hardin, 813 F. Supp. 2d at 1173 ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on [Fed. R. Civ. P.] 15(a) to join non-diverse parties."); Greer, 2010 WL 3168408 at *3-4 ("[W]hen a plaintiff amends her complaint after removal to add a diversity-destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)."); Chan v. Bucephalus Alt. Energy Grp., LLC, No. C 08-04537 JW, 2009 WL 1108744 at *3 (N.D. Cal. Apr. 24, 2009) (to apply the permissive standard of Rule 15(a) rather than the discretionary standard of section 1447(e) would allow improper manipulation of the action's forum); Metzger v. Guardian Life Ins. Co., Inc., No. C-96-2006 SI, 1996 WL 511638 at *2 (N.D. Cal. Sept. 3, 1996) ("Post-removal substitution of a named defendant for a Doe defendant is permitted; the district court analyzes the motion like any other request to join parties.") (citing 28 U.S.C. § 1447(e)); Pacific Gas & Elec. Co. v. Fiberboard Prods., Inc., 116 F. Supp. 377, 382 (N.D. Cal. 1953) ("An amendment to a complaint which adds or drops a party requires an order of the court as specified in Rule 21, F.R.C.P., regardless of whether it precedes or follows the first responsive pleading of any defendant.").

Under section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Whether to permit joinder of a party that will destroy diversity jurisdiction under section 1447(e) thus remains "in the sound discretion of the court," in consideration of six factors:

> (1) whether the party sought to be joined as needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Palestini, 193 F.R.D. at 658).

Having considered the conflicting authorities as set forth above, the Court adopts the approach of the line of cases applying section 1447(e) to scrutinize the propriety of a diversity-destroying amendment pursuant to Rule 15(a). The Court does so for three primary reasons. First, the majority of district courts in the Ninth Circuit addressing the specific situation of a plaintiff attempting to use a Rule 15(a) amendment "as a matter of course" to destroy diversity jurisdiction by adding claims against a non-diverse defendant have scrutinized the plaintiff's purposes for amendment under section 1447(e). See, e.g., Clinco, 41 F. Supp. 2d at 1088; Raifman, 2012 WL 1611030 at *4; Hardin, 813 F. Supp. 2d at 1173; Greer, 2010 WL 3168408 at *3-4; Chan, 2009 WL 1108744 at *3. But see Matthews Metals Prods., Inc., 186 F.R.D. at 583. Second, while Rule 15(a) addresses amendment of pleadings generally, 28 U.S.C. section 1447(e) addresses the specific situation of post-removal joinder of non-diverse defendants. Compare Fed. R. Civ. P. 15(a)(1) with 28 U.S.C. § 1447(e). Third, the Ninth Circuit has recognized that a plaintiff's

motives are relevant to the question of whether district courts should allow
amendment to a complaint to add a party even under the liberal amendment policy
set forth in Rules 15 and 20. <u>Desert Empire Bank v. Ins. Co. of N. Am.</u>, 623 F.2d
1371, 1375 (9th Cir. 1980) ("[W]e conclude that a trial court should look with
particular care at [plaintiff's] motive in removal cases, when the presence of a new
defendant will defeat the court's diversity jurisdiction and will require a remand to
the state court.").

Applying the six <u>IBC Aviation</u> factors set forth above to determine whether to
permit or deny joinder pursuant to 28 U.S.C. section 1447(e) accordingly, the Court
finds that joinder of individual Defendants Jim Hopper, Armando Peralta, and Brian
Korhummel is not justified by the allegations in Plaintiff's SAC. The gravamen of
Plaintiff's action is that Defendant Home Depot USA, Inc. has infringed on
Plaintiff's right to safety, right to egress, and the right to freedom in the event of a
disaster by violating the California fire code and other state statutes. (Dkt. No. 16 ¶
170.) As stated above, Plaintiff's claims against individual Defendants Hopper,
Peralta, and Korhummel arise out of an interaction Plaintiff had with Defendant
Hopper at a Home Depot store and email correspondence between Home Depot
employee Tom Wroblewski  and OSHA on which Defendants Peralta and
Korhummel were carbon copied. (<u>Id.</u> ¶¶ 177-78, 303, 324.)

The first <u>IBC Aviation</u> factor considers the extent to which the individual
Defendants are needed for the just adjudication of the present matter. 125 F. Supp.
2d at 1011. Under FRCP 19(a), a necessary party is a person "having an interest in
the controversy, and who ought to be made [a party], in order that the court may act
on that rule which requires it to decide on, and finally determine the entire
controversy, and do complete justice, by adjusting all the rights involved in it." <u>CP
Nat. Corp. v. Bonneville Power Admin.</u>, 928 F.2d 905, 912 (9th Cir. 1991) (citation
and internal quotations omitted). A court may find that joinder is appropriate for the
just adjudication of the controversy if there is a high degree of involvement by the

defendant in the occurrences that gave rise to the plaintiff's cause of action.
Perryman v. Life Time Fitness, Inc., No. CV-09-452-PHX-GMS, 2009 WL 5185177
at *2 (D. Ariz. Dec. 22, 2009); Falcon v. Scottsdale Ins. Co., No. CV-06-122-FVS,
2006 WL 2434227 at *2 (E.D. Wash. Aug. 21, 2006); see also Desert Empire Bank,
623 F.2d at 1373–74, 1376 (9th Cir. 1980) (permitting joinder of an insurer who
denied the existence of an insurance contract, so that plaintiff could pursue counts
of fraud or negligent misrepresentation). Here, Plaintiff's allegations against
Defendants Hopper, Peralta, and Korhummel do not indicate that the individual
Defendants are either necessary to or highly involved in Plaintiff's allegations
against Defendant Home Depot USA, Inc. Furthermore, Plaintiff's allegations
against the individual Defendants are brief and allege no basis for recovery against
the individuals separate and apart from the relief sought against Home Depot USA,
Inc. as the employer of the individual Defendants. In particular, the SAC contains
no allegations of actions by the individual Defendants outside the scope of their
employment, or any basis for distinguishing Defendants Hopper, Peralta, or
Korhummel from the other Home Depot employees named in the SAC but not
included as named Defendants. (See, e.g., Dkt. No. 16 at ¶ 165, 172, 173, 330)
(allegations involving Home Depot employees and affiliates Frank Blake, Michael
Dalton, Tom Wroblewski, and Richard Timm). This factor weighs against allowing
joinder of the individual Defendants.

   Under the second IBC Aviation factor, the Court has considered the effect of
the statute of limitations on Plaintiff's claims against the individual Defendants; as
the allegations against the individual Defendants occurred in 2011, there is no
evidence before the Court that Plaintiff's potential claims against these Defendants
would be subject to an applicable statute of limitations bar any differently now than
at the time this lawsuit was initially filed in December 2013. See Larry O. Crother,
Inc. v. Lexington Ins. Co., No. 2:11-cv-00138-MCE-GGH, 2011 WL 2259113 at *4
(E.D. Cal. June 7, 2011).

As with the first and second factors, the fourth and fifth IBC Aviation factors weigh against allowing Plaintiff to join Defendants Hopper, Peralta, and Korhummel to the present action. Consideration of the fourth and fifth factors are intertwined; an assessment as to the strength of the claims against the proposed new Defendants bears directly on whether joinder is sought solely to divest this Court of jurisdiction. See id. at *4. As set forth above, the Court finds that Plaintiff's SAC includes no allegations to support a cause of action against Defendants Hopper, Peralta, or Korhummel in their individual capacities separate and apart from their actions in the scope of their employment by Defendant Home Depot USA, Inc. Accordingly, the Court finds that Plaintiff's claims against these Defendants are weak and therefore suggestive of a motive to destroy diversity. See id.

The remaining IBC Aviation factors do not dictate a contrary result. Although there has been no unexplained delay in Plaintiff's joinder of the individual Defendants and denial of joinder will prejudice Plaintiff by denying Plaintiff his choice of forum, the Court finds that these factors do not outweigh this Court's responsibility to scrutinize the purpose behind Plaintiff's attempt to join non-diverse Defendants in a diversity jurisdiction case. See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). Accordingly, the Court finds that the individual Defendants were improperly joined; that the Court has original diversity jurisdiction over this matter; and that Plaintiff's motion to remand based on lack of complete diversity must be DENIED.

### C.     Jurisdiction under the Class Action Fairness Act

In addition, Plaintiff seeks remand of this case to state court on the ground that, even where minimal diversity exists, federal courts may not exercise diversity jurisdiction over a class action under the local controversy exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(4). (Dkt. No. 20 at 2.) Although Defendant Home Depot USA, Inc. cited the provisions of CAFA as an alternate basis for this Court's jurisdiction over the present action in its Notice of

1    Removal, (Dkt. No. 1 at 3), CAFA's amendments to the diversity jurisdiction statute
2    do not apply to the present action as a basis for federal court jurisdiction. See 28
3    U.S.C. § 1332(d)(1)(B) (defining "class action" as "any civil action filed under rule
4    23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial
5    procedure authorizing an action to be brought by 1 or more representative persons
6    as a class action."). Courts have "routinely adhered to the general rule prohibiting
7    pro se plaintiffs from pursuing claims on behalf of others in a representative
8    capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing
9    cases). "Although a non-attorney may appear *in propria persona* in his own behalf,
10   that privilege is personal to him . . . He has no authority to appear as an attorney for
11   others than himself." C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697
12   (9th Cir. 1987) (citing McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966;
13   Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)) (internal quotation marks
14   omitted). Absent a statutory basis granting Plaintiff authority to pursue his claims
15   *pro per* in a representative capacity, see Simon, 546 F.3d at 664 n.6, the Court lacks
16   original jurisdiction over this matter under CAFA and thus declines to exercise
17   discretion to remand this case under the CAFA exceptions set forth by Plaintiff.
18   Accordingly, the Court DENIES Plaintiff's motion to remand on this second,
19   alternative ground.

20   **II.    Motion to Dismiss**

21          Having determined that this Court has original jurisdiction over this action
22   under 28 U.S.C. § 1442, the Court next considers Defendants' Motion to Dismiss
23   Plaintiff's SAC filed pursuant to FRCP 12(b)(1) and 12(b)(6). (Dkt. No. 18.)
24   Although Defendants oppose remand, they argue Plaintiff lacks Article III standing
25   to pursue any of the claims set forth in Plaintiff's SAC. (Id. at 2.) Specifically,
26   Defendants claim that Plaintiff: (1) lacks standing to pursue his claims in a
27   representative capacity; and (2) lacks standing to pursue claims under the UCL for
28   the predicate violations of unfair business practices; misstatements to the

Department of Industrial Relations; violation of an injunction; or labor code violations. (Dkt. No. 18-1 at i.) Defendants seek dismissal of this action with prejudice. (Dkt. No. 18.)

### A.   Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal based on "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A jurisdictional attack under Rule 12(b)(1) may either be "facial" or "factual." White v. Lee, 227 F.3d 1213, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

### B.   Standing

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.' " Allen v. Wright, 468 U.S. 737, 750 (1984). At an "irreducible minimum," Article III requires

> [T]he party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision."

Valley Forge Christina College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) (internal citations omitted). Standing doctrine also requires that a plaintiff assert his own legal rights and interests rather than the rights of interest of third parties, Warth v. Seldin, 422 U.S. 490, (1975), that federal courts refrain from adjudicating "abstract questions of wide public significance" which amount to "generalized grievances," id., and that the plaintiff's complaint fall within the "zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Valley Forge, 454 U.S. at 475 (citing Ass'n of Data Processing Serv. Orgs. v. Camp, 397 U.S. 150).

Defendants first argue Plaintiff lacks standing to pursue his claims in a representative capacity. (Dkt. No. 18-1 at 8.) As discussed above, the Court agrees. Absent express statutory authority granting Plaintiff the right to pursue his claims *pro per* in a representative capacity, Plaintiff's claims are barred by the general rule prohibiting such purportedly representative claims. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citing cases); Fed. R. Civ. P. 23(a)(4) (requiring that representative parties "fairly and adequately protect the interests of the class).

In addition, Defendants argue Plaintiff lacks standing to pursue any of his claims for relief under the UCL. (Dkt. No. 18-1 at 10.) Defendants argue Plaintiff has not established a "direct and palpable" injury in connection with any unfair competition, (Dkt. No. 18-1 at 11) (citing Birdsong v. Apple, 590 F.3d 955, 960 (9th Cir. 2009)), and that the alleged injury in this case is "wholly conjectural." (Id. at 13.) Plaintiff responds that he "would like to be a shopper in the Home Depot stores," but that his mental health and "defendant's refusal to provide reasonable lawful accommodation renders [him] unable to enter the stores because [he] can no longer assume the risk or subject [himself] to persecution or abuse of the alleged unlawful conditions." (Dkt. No. 28-1 at 20.)

The Court agrees that Plaintiff lacks Article III standing to pursue his claims in federal court. Part of "the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction." Warth v. Seldin, 422 U.S. 490, 498 (1975). To allege such a stake, a plaintiff must allege an injury in fact which is concrete and not conjectural. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). There must exist "sufficient immediacy and reality" to allegations of future injury "to warrant invocation of the jurisdiction of the District Court." O'Shea v. Littleton, 414 U.S. 488, 497 (1974). The Court finds that Plaintiff's SAC fails to allege such a sufficient and immediate future injury. Id. Although Plaintiff bases his claims on the observation of "serious safety hazards" at Home Depot stores, (Dkt. No. 16 ¶ 165),

the effects of these hazards, as pled, are "potential," (id.), rather than concrete. Defenders of Wildlife, 504 U.S. at 560-61. Although Plaintiff may suffer an "injury in fact" at some future time if his fears are realized, Plaintiff's allegations are too speculative at this time to warrant invocation of the jurisdiction of this Court. O'Shea, 414 U.S. at 497. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's SAC for lack of Article III standing.

### C.    Procedural Disposition

Defendants seek "dismissal with prejudice" as the proper procedural disposition following this Court's granting of their motion to dismiss. (Dkt. No. 18-1 at 3.)

However, standing is an integral component of subject matter jurisdiction. Bender v. Williamsport Area School District, 475 U.S. 534, 541–43 (1986) (party sued in official capacity has no standing to appeal in individual capacity). Pursuant to 28 U.S.C. section 1447(c), in cases removed to federal court under the Court's original diversity jurisdiction, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, federal courts sitting in diversity jurisdiction have found that "[i]f Plaintiff lacks standing, [federal courts have] no subject matter jurisdiction and must remand the case to state court." Boyle v. MTV Networks, Inc., 766 F. Supp. 809, 816-17 (N.D. Cal. 1991) (citing 28 U.S.C.A. § 1447(c); accord Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services, 876 F.2d 1051, 1054 (1st Cir. 1989) (citing Supreme Court decisions)); see also Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1008 (9th Cir. 2011) (Kozinski, J., concurring); Mirto v. Am. Intern. Group, Inc., No. C-04-4998-VRWQ, 2005 WL 827093 at *3-4 (N.D. Cal. Apr. 8, 2005) (concluding that remand rather than dismissal is the appropriate procedural disposition when a plaintiff lacks standing in a case removed to federal court); Cal. Consumers v. Columbia House, No. C-97-3233-VRW, 1997 WL 811762 (N.D. Cal. Dec. 22, 1997) (remanding a case previously removed to

1   federal court under diversity jurisdiction due to lack of standing).

2       As the court in <u>Mitro v. American International Group, Inc.</u> recognized, "[i]f

3   dismissal were the appropriate procedure in cases like this, plaintiffs would likely

4   refile in state court, only to have their cases removed and dismissed again. Like

5   Sisyphus, condemned to roll a heavy rock up a hill only to have it roll back down

6   just before he reaches the top, these plaintiffs would never see a resolution on the

7   merits." No. C-04-4998-VRWQ, 2005 WL 827093 at *3 (N.D. Cal. Apr. 8, 2005).

8   Accordingly, having GRANTED Defendants' motion to dismiss for lack of subject

9   matter jurisdiction, the Court hereby REMANDS this case to San Diego County

10  Superior Court.

11                          **CONCLUSION AND ORDER**

12      For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 20) is

13  DENIED. Defendants' motion to dismiss (Dkt. No. 18) for lack of subject matter

14  jurisdiction is GRANTED. The case is REMANDED to San Diego County Superior

15  Court pursuant to 28 U.S.C. § 1447(c).

16      **IT IS SO ORDERED.**

17  DATED:  April 10, 2014

18                          HON. GONZALO P. CURIEL
19                          United States District Judge

20

21

22

23

24

25

26

27

28